## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY BROWN,                              :
                                          :
    and                                   :
                                          :        CIVIL ACTION
EBONY MORRISON,                           :
                                          :        NO. 18-4695
    Plaintiffs,                           :
                                          :
    v.                                    :
                                          :        **FILED**
SOUTHWEST AIRLINES,                       :
                                          :        JUL - 9 2019
    Defendant.                            :        KATE BARKMAN, Clerk
                                                   By_____Dep. Clerk

## ORDER

AND NOW, this _____9th_____ day of July, 2019, upon consideration of the following:

1.  Defendant's Partial Motion to Dismiss and Motion to Strike Plaintiffs' Complaint (ECF No. 5);

2.  Defendant's Motion to Sever Plaintiffs' Claims (ECF No. 6);

3.  Plaintiffs' First Amended Civil Action Complaint (ECF No. 11);[1]

4.  Defendant's Partial Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, for a more Definite Statement (ECF No. 13);

5.  Defendant's Motion for Leave to File a Reply in Further Support of its Motion to Sever (ECF No. 14);

6.  Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint via Plaintiffs' Cross Motion to Amend Complaint, or, in the Alternative, Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss ("Plaintiffs' Response to Defendant's Motion to Dismiss") (ECF No. 16);

1

**IT IS HEREBY ORDERED AND DECREED** as follows:

1.    Defendant's Partial Motion to Dismiss and Motion to Strike Plaintiffs' Complaint (ECF No. 5) is **DENIED AS MOOT** in view of Plaintiffs' filing of the First Amended Civil Action Complaint (ECF No. 11);

2.    Defendant's Motion to Sever Plaintiffs' Claims (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART** as follows:"

   a.  Within **fourteen (14) days** of the date of this Order, Plaintiff Harry Brown shall file an amended, individual complaint setting forth only those facts and claims applicable to his case;

   b.  The Clerk of Court shall provide a separate docket number for Plaintiff Ebony Morrison under which all future filings relevant to Plaintiff Ebony Morrison shall be filed;

   c.  The Clerk of Court shall mark the separate docket number created for Plaintiff Ebony Morrison as related to the above-captioned case;

   d.  Within **fourteen (14) days** of the date of this Order, Plaintiff Ebony Morrison shall file an individual complaint setting forth only those facts and claims applicable to her case; and

   e.  Discovery in these two cases shall proceed jointly to the extent possible, as determined after the Parties appear before the Court for a Federal Rule of Civil Procedure 16 conference to discuss the management of this case; and

2

    f.  To the extent that it may become appropriate, Plaintiffs may, after the close of discovery, and before trial, request, by motion, that the Court consider whether to consolidate these cases for trial purposes.

3.    Defendant's Motion for Leave to File a Reply in Further Support of its Motion to Sever (ECF No. 14) is **DENIED**;[ii]

4.    Defendant's Partial Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, for a more Definite Statement (ECF No. 13) is **DENIED AS MOOT** in view of the Court's decision to grant, in part, Defendant's request to sever Plaintiffs' cases, and in view of Plaintiffs' forthcoming new pleadings as set forth above; and

5.    Plaintiffs' Response to Defendant's Motion to Dismiss (ECF No. 16) is **DENIED AS MOOT** in view of the Court's decision to grant, in part, Defendant's request to sever Plaintiffs' cases, which will permit Defendant an opportunity to amend or supplement their respective pleadings.

**BY THE COURT:**

*Petrese B. Tucker*

**Hon. Petrese B. Tucker, U.S.D.J.**

---

[i] Although the First Amended Complaint (ECF No. 11) refers to a third plaintiff, Chantea Scott, Plaintiffs' counsel has since withdrawn Plaintiff Chantea Scott's claims in response to Defendant's Notice of Rule 11 Sanctions Motion letter. Pls.' Resp. to Def.'s Mot. to Dismiss ¶ 13, ECF No. 16. Accordingly, only Plaintiffs Harry Brown and Ebony Morrison have active claims against Defendant.

[ii] The Court concludes that severance as set forth in this Order is appropriate at this time. In severing the Plaintiffs' cases, both Plaintiffs face little prejudice because they both may continue

3

to litigate their claims without concern any about statutes of limitations. Further, in ordering that discovery in both cases proceed jointly, to the extent practicable, the Court's decision promotes judicial economy and promotes efficiency for the litigants in the discovery process.

Although both Plaintiffs allege that they had worked at the Philadelphia International Airport, are both members of the same protected class, and both worked as ramp agents for Defendant Southwest Airlines, Plaintiffs' claims do not, at this juncture, appear to arise from the same core set of factual circumstances. Thus, severance is appropriate. Still, the Court leaves open the possibility that these cases may be consolidated for trial purposes, if appropriate, and after discovery.

[iii] The Parties shall note that the Court's rules, publicly available at https://www.paed.uscourts.gov/documents/procedures/tucpol.pdf, discourage the filing of reply and sur-reply briefs. Indeed, the Court strongly disfavors the use of reply and sur-reply briefs except where circumstances require additional briefing such as in matters of first impression, or where a litigant obtains relevant new information between the time of filing of a motion and its disposition that would assist the Court in rendering a decision.